**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| TIMOTHY VOGEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:23-cv-01446-JBM-JEH |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER WATSON MCKEE, THE | ) | |
| VILLAGE OF DWIGHT, ILLINOIS, A | ) | |
| MUNICIPAL CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

NOW COME the Defendants, WATSON MCKEE (hereinafter referred to as "MCKEE") and THE VILLAGE OF DWIGHT (hereinafter referred to as "DWIGHT") by and through their attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., and state the following as and for their Motion to Dismiss Plaintiff's Complaint (Dkt 1), pursuant to Federal Rule of Civil Procedure 12(b)(6):

**Facts**

On or about December 15, 2023, the Plaintiff filed a Complaint alleging injuries as the result of an alleged incident on December 20, 2022. (Dkt 1). Plaintiff attempts to allege eight causes of action in his 214-paragraph complaint. (Dkt 1). Counts I, II, III, IV, and VI are directed to MCKEE while Counts IV, VII, and VIII are directed against DWIGHT. Based upon the titles of the Complaint, the Plaintiff is seeking to claim 1st Amendment violations, 4th Amendment violations, a *Monell* claim, willful and wanton conduct (as opposed to negligence), battery, respondeat superior, and indemnification. However, the Plaintiff's complaint is replete with improper conclusions, unsupported supposition, and speculation.

The Plaintiff alleges that he had obtained a no-contact order against his neighbor, Thomas Worby. On or about December 20, 2022, the Plaintiff alleges that he and Mr. Worby entered into a dispute at or about the property line dividing the Plaintiff's property from Mr. Worby's. (Dkt 1, ¶30). Thereafter, the Plaintiff alleges that the police were called to enforce the alleged no-contact order. (Dkt 1, ¶31). Plaintiff further alleges that during the ensuing discussion by and between MCKEE, the Plaintiff, the Plaintiff's fiancé, Mr. Worby, and Mr. Stacey, a heated discussion began which included the Plaintiff yelling at MCKEE. (Dkt. 1, ¶¶49 through 53). The Plaintiff complains that MCKEE instructed him to stop talking during MCKEE's investigation and to put his cell phone away. (Dkt. 1, ¶¶49 through 53). Plaintiff then alleges that a metal rod was driven into the ground near the property line, but on Plaintiff's property. (Dkt. 1, ¶67). Thereafter, the Plaintiff alleges that he picked up and tossed the metal rod. (Dkt. 1, ¶68). At the time the Plaintiff threw the metal rod at and/or onto Mr. Worby's property, the Plaintiff had been shouting at MCKEE. (Dkt1, ¶46, 65, and 70). The allegations of Plaintiff's complaint set forth that Plaintiff and Mr. Worby were neighbors with a long history of disagreements, arguments, and general dislike. (Dkt1, ¶18, 25). Further, at least five people, including MCKEE, were in close proximity to each other at the time Plaintiff threw the metal rod.

After Plaintiff threw the metal rod, MCKEE placed Plaintiff in handcuffs and ordered him to sit in the police vehicle. (Dkt 1 ¶¶71 through 86). Plaintiff repeatedly refused MCKEE's instruction to sit in the police vehicle despite advising him that he was being detained. (Dkt. 1, ¶¶71 through 86). The Plaintiff's allegations set forth over several pages, layout how the Plaintiff was struggling with, defying, and refusing to cooperate with MCKEE to the point where MCKEE allegedly took the Plaintiff to the ground. (Dkt 1, ¶105).

**Argument**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. "Plausible, as opposed to merely conceivable or speculative, means that the plaintiff must include enough details about the subject matter of the case to present a story that holds together." *Id.*, citing *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 – 827(7th Cir. 2014) (internal quotations omitted). "For the purpose of testing the trial court's action, well pleaded allegations of the complaint are to be taken as admitted, but mere unsupported conclusions of fact or mixed fact and law are not admitted." *Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). A plaintiff's pleading burden "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Association of American Physicians & Surgeons, Incorporated v. American Board of Medical Specialties*, 15 F.4th 831, 834 (7th Cir. 2021). Although detailed factual allegations are not required, Rule 8 "demands more than an unadorned, the defendant unlawfully harmed me accusation." *Jones v. International Ass'n of Bridge Structural Ornamental and Reinforcing Iron Workers*, 864 F.Supp.2d 760, 765 (E.D. Wis. 2012); citing *Iqbal*, 556 U.S. at 678. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678.

A claim is facially plausible when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Medline Industries, Inc. v. Diversey, Inc.*, 563 F.Supp.3d 894, 906 (E.D. Wis. 2021), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted). "Plausible, as opposed to merely conceivable or speculative, means that the plaintiff must include enough details about the subject-matter of the case to present a story that holds together." *Id.*, citing *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 – 827(7th Cir. 2014) (internal quotations omitted).

"When a plaintiff's complaint sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate. *Ramljak v. Boston Scientific Corporation*, 2021 WL 1209025, *2 (N.D. Illinois March 31, 2021); citing *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (affirming dismissal of an initial complaint based upon the application of an Illinois statute of limitations); see also *Milchtein v. Milwaukee County*, 42 F.4th 814, 822 (7th Cir. 2022). Further, "a Court may dismiss a claim under Rule 12(b)(6) on the basis of a dispositive issue of law." *Baines v. City of Chicago*, 584 B.R. 723, 725 (N.D. Ill. 2018); citing *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate." *Id*.

**I.      Count I of Plaintiff's Complaint fails to state a cause of action**

To prevail on a Fourth Amendment false arrest claim, Plaintiff must demonstrate that he was arrested without probable cause. See *Gaddis v. Demattei*, 30 F.4th 625, 630 – 631 (7th Cir. 2022). Probable cause for an arrest provides an absolute defense to a false arrest claim. *Id*; see *Farnik v. City of Chicago*, 1 F.4th 535, 545 (7th Cir. 2021). Probable cause exists when a reasonable officer could have believed a crime had been or was being committed. *Gaddis*, 30 F.4th at 630;

4

citing *Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007). "The officer's belief need not be correct or even more likely true than false, so long as it is reasonable." *Gaddis*, 30 F.4th at 630 (internal quotations omitted); citing *Fleming v. Livingston County*, 674 F.3d 874, 879 *7th Cir. 1999); see also *McComas v. Brickley*, 673 F.3d 722, 725 (7th Cir. 2012) ("arguable probable cause exists when a reasonable officer could *mistakenly* have believed they had probable cause to arrest.") Illinois defines disorderly conduct as "any act in such unreasonable manner as to alarm or disturb another and provoke a breach of the peace." 720 ILCS 5/26-1(a)(1); see *Gaddis*, 30 F.4th at 631. Further, it is a Class A misdemeanor when a person either: 1) resists arrest; or 2) obstructs the performance by one known to the person to be a peace officer of any authorized act within his or her official capacity. See 720 ILCS 5/31-1. If police officers suspect that a person has or is actively committing a crime, they have the authority to briefly detain that person for investigatory purposes. *People v. Borders*, 2020 IL App (2d) 180324, ¶1. "To justify such a detention, the officer must have observed unusual conduct, leading to a reasonable, articulable suspicion that the person has committed or is about to commit a crime, and the officer's suspicions must amount to more than a mere hunch." *Id; see also People v. Johnson*, 408 Ill. App. 3d 107, 108-109 ("handcuffing defendant at the time of his apprehension was lawful").

    In the case at bar, the Plaintiff has pled sufficient facts to establish MCKEE had probable cause to believe that the Plaintiff was acting disorderly at the time he was detained. In this regard, the Plaintiff pleads a long and negative history between himself and Mr. Worby, such that a no-contact order had been entered against Mr. Worby. Plaintiff further pleads that he and Mr. Worby are neighbors who share a common property line. On the date of the alleged incident, the Plaintiff alleges that he, Mr. Worby, Mr. Stacey, a friend or associate of Mr. Worby, and Plaintiff's fiancé Ms. McGraw were engaged in yet another dispute at the property line. The Plaintiff alleges that

he had been shouting at MCKEE which indicates that the Plaintiff was agitated at the situation. Plaintiff further alleges that his fiancé had told him not to talk to MCKEE, that she would handle it. Thereafter, Plaintiff picked up a metal rod and tossed it exclaiming that it was his property. It was at this point, the point that the Plaintiff picked up a metal object and threw it, that MCKEE detain the Plaintiff. The factual allegations of the Plaintiff's complaint establish a reasonable belief that Plaintiff was not only acting disorderly, but also escalating the most recent confrontation between himself and Mr. Worby. Further, the allegations of the Complaint demonstrate the Plaintiff resisting arrest/detention by MCKEE and Plaintiff's actions in obstructing the performance of MCKEE's official function at the scene.

II.    **Count II of Plaintiff's Complaint fails to state a cause of action**

To establish a claim of excessive force, the Plaintiff must show that the officer's use of force was objectively excessive from the perspective of a reasonable officer on the scene under the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Covington v. United States DOJ*, 2007 U.S.Dist.LEXIS 16872, *21 (C.D. Ill. March 8, 2007). The Fourth Amendment has long recognized the right to make an arrest or investigatory stop necessarily carries with it the right use some degree of physical coercion. *Graham*, 490 U.S. at 396. When deciding whether an officer's conduct was reasonable under the circumstances, they must allow for the fact that police officers are often forced to make split second decisions under intense, uncertain, and rapidly evolving situations. *Covington*, 2007 U.S.Dist.LEXIS at *21; citing *Ford v. Childers*, 855 F.2d 1271, 1276 (7th Cir. 1998). The test of reasonableness under the Fourth Amendment requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Graham*,

490 U.S. at 896 – 897. "A person is not authorized to use force to resist an arrest which he knows is being made either by a peace officer, even if he believes that the arrest is unlawful and the arrest in fact is unlawful." *Covington*, 2007 U.S.Dist.LEXIS at *21; citing *Smith v. Ball State Univ.*, 295 F.3d 763, (7th Cir. 2002). Courts "cannot blind ourselves to the need of law enforcement officers to protect themselves and other prospective victims of violence in situations where they may lack probable cause for an arrest." *Smith*, 295 F.3d at 769. "The reasonableness of an officer's actions must be assessed from the perspective of a reasonable officer on the scene, and not based on the 20/20 vision of hindsight." *Estate of Williams v. Ind. State Police*, 797 F.3d 468, 473 (7th Cir. 2015) (internal quotations omitted). As such, Courts give considerable leeway to law enforcement officers' assessments regarding the degree of force appropriate in dangerous situations. *Id*. The reasonableness inquiry is objective, which examines whether the officer's actions are objectively reasonable in light of the totality of the facts and circumstances confronting him, and without regard to the officer's subjective intent or motives. *Id*.; citing *Graham*, 490 U.S. at 397. An officer's use of force is unreasonable if in light of all those circumstances, the officer used greater force than was reasonably necessary to effectuate the seizure. *Estate of Williams*, 797 F.3d at 473.

In the case at bar, the allegations of the Plaintiff's complaint allege that the Plaintiff was irritated prior and at the time MCKEE arrived at the scene. The Plaintiff was act antagonistically by forcing his cell phone camera into the face of MCKEE, and others. Further, the Plaintiff was shouting at the MCKEE, and others, when MCKEE was attempting to determine the nature of the call. It was only after Plaintiff picked up a metal rod and threw it that MCKEE detained Plaintiff by placing him in handcuffs. The Plaintiff alleges that he resisted MCKEE's efforts to de-escalate the scene. Instead of cooperating with MCKEE, Plaintiff became hysterical and resisted MCKEE's efforts to place him in his police vehicle. At no time did MCKEE use any form of

7

weapon against Plaintiff. Rather, Plaintiff alleges that MCKEE used physical force to control him and was allegedly injured when he refused to cooperate with MCKEE's efforts to have Plaintiff sit in the police vehicle.

III.    **Count III of Plaintiff's Complaint fails to state a cause of action**

Generally, "the First Amendment prohibits government officials from subjecting an individual to retaliatory actions for engaging in protected speech." *Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019). If an official takes adverse action against someone based on that forbidden motive, and non-retaliatory grounds are in fact insufficient to provoke the adverse consequences, the injured party may seek relief by bringing a First Amendment claim. *Id*. To prevail, a plaintiff must establish a casual connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury. *Id*. It is not enough to show that an official acted with retaliatory motive and that the plaintiff was injured, the motive must cause the injury. *Id*. The motive must be a "but-for" cause, meaning the adverse action against the plaintiff would not have been taken absent the retaliatory motive. *Id*; citing *Hartman v. Moore*, 547 U.S. 250, 260 (2006). Probable cause typically defeats a claim for retaliatory arrest. *Lyberger v. Snider*, 42 F.4th 807, 814 (7th Cir. 2022). Plaintiff must plead the arrest was objectively unreasonable by pleading the absence of probable cause. *Kitterman v. City of Belleville*, 66 F.4th 1084, 1092 (7th Cir. 2023).

In the case at bar, the Plaintiff has not pled a causal connection between the alleged retaliatory animus and the Plaintiff's alleged injury. The Plaintiff alleges that MCKEE told him to send whatever video he has to the police station where it would be reviewed. While Plaintiff alleges that MCKEE told Plaintiff to put the camera phone away, there was no interaction between MCKEE and Plaintiff other than an exchange of words while Plaintiff was allegedly behind a fence. According to Plaintiff's Complaint, Plaintiff's alleged injury did not occur until after the

Plaintiff moved from behind the fence to join Mr. Worby, the individual with whom Plaintiff has a long history of negative interactions, Mr. Stacey, and Plaintiff's fiancé, Ms. McGraw. The allegations of the Plaintiff's Complaint set forth that the Plaintiff was yelling at MCKEE and picked up a metal rod allegedly driven into the ground on Plaintiff's property. Plaintiff alleges that he threw the metal rod off of what he believed was his property during the confrontation between the four individuals. Plaintiff further alleges that MCKEE had told him not to throw the metal rod either at the time of the toss or immediately thereafter. It was after the Plaintiff threw the metal rod, and Plaintiff's increasingly belligerent behavior, that MCKEE placed Plaintiff in handcuffs and detain him. As set forth above, the allegations of the Plaintiff's Complaint set forth that MCKEE has probable cause to arrest/detain the Plaintiff for disorderly conduct at the point when Plaintiff began throwing metal objects in the middle of a confrontation with Mr. Worby, with whom Plaintiff has a known negative history with. In addition to having probable cause to arrest/detain Plaintiff in connection with his disorderly conduct, MCKEE had probable cause to detain the Plaintiff to ensure the safety of himself and others at the scene after Plaintiff began throwing metal rods. There is no connection between Plaintiff's alleged use of a cell phone camera, his alleged detention, and his alleged injuries. Plaintiff's Complaint does not allege a lack of probable cause, rather the Plaintiff's Complaint provides that MCKEE had probable cause to detain the Plaintiff.

**IV    Count IV of Plaintiff's Complaint fails to state a cause of action**

    **A.    DWIGHT cannot be liable for *Monell* Claim if there is no Constitutional violation by MCKEE**

In every *Monell* claim, the plaintiff must take the first step by proving the he was deprived of federal right. *Braun v. Vill. Of Palatine*, 56 F.4th 542, 553 (7th Cir. 2022). *Monell* requires the plaintiff to "prove that the constitutional violation was caused by a governmental policy or custom,

9

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Id* at 552; citing *First Midwest Bank ex rel. Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021).

In the case at bar, and as set forth above, Plaintiff has failed to state a cause of action for any Constitutional violation. The allegations of the Plaintiff's Complaint set forth that the Plaintiff was acting belligerent and disorderly when he picked up a metal rod and threw it off his property. At that point, MCKEE had probable cause to arrest and/or detain Plaintiff not only for his safety and that safety of others in the near vicinity, but also based on Plaintiff's disorderly conduct. Further, the use of force used by MCKEE was proportional to the resistance by the Plaintiff. Plaintiff provides pages of allegations documenting his alleged protest of MCKEE placing handcuffs on him, protesting being placed in a police vehicle, resisting being placed in a police vehicle, and MCKEE's alleged statements to Plaintiff to clam down and urging Plaintiff to comply with MCKEE's alleged instructions. The allegations of Plaintiff's Complaint set forth that no Fourth Amendment violation occurred. Further, the Plaintiff's Complaint fails to set forth a First Amendment violation by MCKEE as there are no alleged facts establishing a causal, "but-for", relationship between any protected activity and Plaintiff's alleged injuries. Rather, Plaintiff's extensive complaint alleges that MCKEE did not act to detain Plaintiff until after Plaintiff threw a metal rod in a clearly agitated state.

  **B. Plaintiff has failed to allege a *Monell claim* for failure to train**

A municipality cannot be held liable under §1983 on a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Instead, municipal liability exists only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. *Johnson v.*

10

*Cook County,* 526 Fed.Appx. 692, 695 (7th Cir. 2013). *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005); *Monell*, 436 U.S. at 694. There are three ways in which a municipality can be liable under a §1983 claim: "(1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a "wide-spread practice" that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a "custom or usage" with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with "final decision policymaking authority." *Calhoun*, 408 F.3d at 379; *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995).

The express policy theory applies where a policy explicitly violates a constitutional right when enforced or when there is an omission in the policy. *Calhoun*, 408 F.3d at 379; citing *Monell*, 436 U.S. at 658. However, the absence of a policy needs to be founded on evidence of more than a single incident. *Calhoun*, 408 F.3d at 379; see also *Board of the County Commissions of Bryan County v. Brown*, 520 U.S. 397 (1997) (rejecting a *Monell* claim based on the absence of more thorough screening of candidates for sheriff's deputy); *City of Canton v. Harris*, 489 U.S. 378 (rejecting a failure-to-train claim). "Widespread practice implicit policy cases and in the cases attacking gaps in express policies, what is needed is evidence that there is a true municipal policy at issue, not a random event." *Calhoun*, 408 F.3d at 379 (internal citation omitted). "An allegation of a failure to train is available only in limited circumstances." *Cornfield v. Consolidated High Sch. Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). To prevail on a failure to train theory, plaintiffs must show that the "failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of students." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)). In this context, deliberate indifference can arise when, "in light of the duties assigned to specific officers or employees the need for more or

11

different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the deficiency exhibits deliberate indifference on the part of municipal policymakers." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007); citing *City of Canton*, 489 U.S. at 390 (internal quotes omitted). Deliberate indifference requires more than "a showing of simple or even heightened negligence." *Jenkins,* 487 F.3d at 492. Deliberate indifference on the part of policymakers only occurs when such indifference may be considered a policy or custom. *Id*.

In the case at bar, the Plaintiff has not alleged any prior Constitutional violations by MCKEE, nor a widespread custom of violations by DWIGHT, which would give rise to a pattern or custom of Constitutional violations which would warrant additional training of its police officers, including MCKEE. Rather, Plaintiff alleged that in 2014 MCKEE reportedly had a DUI, that MCKEE went before a review board, was retained by the DWIGHT, and performed his duties as a police officer. The only allegations Plaintiff's allege to support his *Monell* claim are that 4% of the DWIGHT population does not believe that MCKEE should have been retained as a police officer. Plaintiff's offer no allegations that an incident which allegedly occurred nearly 8 years before the Plaintiff's alleged incident and where no Constitutional violations occurred, has any proximal nexus to the events of Plaintiff's alleged incident.

**V.    Counts V and VI of the Complaint fail to state a cause of action**

Illinois has enacted the Local Governmental and Governmental Employee Tort Immunity Act which provides that willful and wanton conduct is "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210. The Act further provides that "a public employee is not liable for his act or omission in the execution or

enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Effecting an arrest is the execution or enforcement of law. *Jones v. Village of Villa Park*, 784 F.Supp. 533, 536 (N.D. Ill. January 24, 1992); citing *Glover v. City of Chicago*, 106 Ill.App.3d 1066 (1st Dist. 1982). Further, the Tort Immunity Act and specifically 745 ILCS 10/2-202, apples to officers effecting a detention. *Torry v. City of Chicago*, 2018 U.S.Dist.LEXIS 26535, *39 (N.D. Ill. February 20, 2018); citing *Jones*, 784 F.Supp. at 536; see also *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001)(pulling a suspect from a car, pushing him against the car, and pinning his arms behind his back to handcuff him is not willful and wanton).

Additionally, "a battery occurs when one intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." *Smith*, 242 F.3d at 744 (internal quotations omitted); see also *Gilfand v. Planey*, 2012 U.S.Dist.LEXIS 161746, *12 – 13 (N.D. Ill. November 13, 2012). A public employee is immune from liability while enforcing the law unless their acts are willful and wanton. *Id*; citing 745 ILCS 10/2-202.

In the case at bar, the allegations of the Plaintiff's Complaint fail to set forth a claim that MCKEE acted willful or wantonly during the execution of his duties at the scene. Plaintiff alleges that he called DWIGHT to dispatch an officer to enforce a no-contact order against Mr. Worby. After MCKEE's arrival, the Plaintiff alleges that he continually interrupted MCKEE when MCKEE attempted to talk to Mr. Worby, that Plaintiff began shouting at MCKEE, and that the Plaintiff threw a metal rod during a heated exchange. Thereafter, the Plaintiff alleges that MCKEE detained him, placed him in handcuffs, and instructed him to sit in the police vehicle. Despite these instructions, the Plaintiff's Complaint sets forth allegations that Plaintiff continued to resist MCKEE and that MCKEE used non-lethal force to control Plaintiff.

13

**VI.    Count VII of the Complaint fails to state a cause of action**

A local public entity is not liable from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109; see e.g. *Fitzpatrick v. Chicago*, 112 Ill.2d 211 (1986). In the case at bar, DWIGHT can only be vicariously liable for the alleged willful and wanton conduct of MCKEE. However, as indicated above the allegations of Plaintiff's Complaint set forth that MCKEE was not acting willfully nor wantonly as defined by Illinois law.

**VII.   COUNT VIII of the Complaint fails to state a cause of action**

Plaintiff's claim for indemnification is predicated on his §1983 and state law claims. However, as set forth above, the allegations of Plaintiff's complaint do not set forth any plausible cause of action for damages. As such, Plaintiff's indemnity claim must fail as there is no viable cause of action upon which to base an indemnity claim.

WHEREFORE, the Defendants, WATSON MCKEE and THE VILLAGE OF DWIGHT, respectfully requests that this Honorable Court dismiss Plaintiff's Complaint (Dkt 1), with prejudice.

Respectfully submitted this 10th day of January, 2024.

          /s/ James J. Temple
James J. Temple
Attorney No. 06284118
MULHERIN, REHFELDT & VARCHETTO, P.C.
4200 Commerce Court, Suite 200
Lisle, IL  60532
630-653-9300
Fax:  630-653-9316
jtemple@mrvlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 10, 2024, I electronically filed the foregoing Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Sam Harton
ROMANUCCI & BLANDIN
321 N Clark St.
Chicago, IL 60654
312-253-8590

                                                                  /s/ James J. Temple