# IN THE U.S. DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY VOGEN,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>VILLAGE OF DWIGHT,  )<br>OFFICER WATSON MCKEE,  )<br>  )<br>    Defendants.  ) | 1:23-cv-01446-JBM-JEH<br><br>Hon. Jonathan E. Hawley |

## Proposed Joint Rule 26(f) Report

A scheduling conference was held on October 28, 2024, date with attorneys for Plaintiff and Defendants.

TIME LIMITS AND SETTINGS ARE ORDERED AS FOLLOWS:

1. Initial disclosures under Rule 26 to be made by November 22, 2024.

2. Written discovery issued by November 8, 2024.

3. Written discovery completed by January 10, 2025. Parties are permitted to issue supplemental requests thereafter.

4. No motions to join other parties or to amend the pleadings to be filed after March 21, 2025.

5. Plaintiff to identify testifying experts and to provide Rule 26 expert reports by June 20, 2025. Depositions of these experts shall be completed by July 25, 2025. Defendant to identify testifying experts and to provide Rule 26 expert reports by August 29, 2025. Depositions of these experts shall be completed by September 26, 2025. Rebuttal experts shall be disclosed and expert reports shall be provided by October 24, 2025. Rebuttal experts shall be made available November 21, 2025.

6. The parties have until May 30, 2025, to complete fact discovery. Any written discovery served subsequent to the date of this Order must be served by a date that allows the served party the full 30 days provided by the FRCP in which to comply. The parties have until December 5, 2025 to complete all discovery. All depositions for discovery or use at trial shall be completed no later than the close of expert discovery, unless agreed to by the parties or leave of the Court is given.

7. Motions to compel and other motions relating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than 60 days following the event that is the subject of the motion (e.g., failure to answer interrogatories, objections to requests for production, etc.). The parties are required to meet and confer on the discovery dispute as required by Rule 37(a) within the 60-day period. Except for good cause shown, any discovery motion that is not timely filed or filed after the discovery deadline will not be considered by the Court. If a motion to compel discovery is found by the Court to be time-barred, the moving party is prohibited from making a subsequent request for the discovery which the Court has found to be time-barred. All motions to compel must contain the certification required by Rule 37 that the parties met and conferred and attempted to resolve the dispute. If the certification is not included, the motion will be denied.

8. The parties have until December 5, 2025, to file dispositive motions. No dispositive motions filed after that date will be considered by the Court.

9. Final pre-trial conference is scheduled for March 27, 2026, at 2:00 p.m. before US District Court Judge McDade. All motions in limine and proposed jury instructions are

to be filed on or before 15 days prior to the final pretrial conference unless otherwise directed by the Court. (See Local Rule 16.1 – Pre-Trial Procedures.)

10. A jury trial is scheduled for April 20, 2026, at 9:00 a.m. on the trial calendar of Judge McDade.

11. Electronically stored information that can reasonably be anticipated to be relevant to litigation is ordered to be preserved. The primary source of electronically stored information for production should be active data and information used in the ordinary course of business.

12. The parties are directed to meet and confer concerning provisions for a protective agreement by November 21, 2024  If the parties cannot agree upon a process/procedure for the discovery of protected information, a status report with proposals for the discovery of protected information shall be filed with the Court by December 3, 2024  Any protective agreement may be filed with the Court by December 3, 2024, for entry of a protective order.

13. The parties are directed to meet and confer concerning provisions for discovery or disclosure of electronically stored information (ESI) by February 14, 2025  If the parties cannot agree upon a process/procedure for the discovery of ESI, a status report with proposals for the discovery of ESI shall be filed with the Court by March 7, 2025  For the Court to order a search, the requesting party will need to demonstrate that the need and relevancy of the material outweigh the cost and burden of retrieving and processing the ESI from such sources, including the disruption of business and information management activities.  When balancing the cost, burden and need for ESI, the Court and the parties will apply the proportionality standards in FRCP 21(b)(1) and (b)(2)(C),

as well as consider the technological feasibility and realistic costs of preserving, retrieving and producing ESI.

14. The following categories of ESI generally not discoverable in most cases, and if any party intends to request the preservation of production categories, then that intention should be discussed at the meet and confer conference:

   a. "deleted", "slack", "fragmented" or "unallocated" data on hard drives;

   b. random access memory (RAM) or other ephemeral data;

   c. on-line access data such as temporary internet files, history, cache, cookies, etc.;

   d. data in metadata fields that are frequently updated automatically, such as last-opened dates;

   e. backup data that is substantially duplicative of data that is more accessible elsewhere: and

   f. other forms of ESI whose preservation requires extraordinary affirmative measures that are no utilized in the ordinary course of business.

15. The production of privileged or work-product protected documents, ESI, or information, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or any other federal or state proceeding. This order shall be interpreted to provide the maximum protection allowed by FRCP 502(d). Nothing contained herein is intended to, or shall serve to, limit a party's right to conduct review of documents, ESI, or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

/s/ Sam Harton

        ROMANUCCI & BLANDIN, LLC
        321 N. Clark Street, Suite 900
        Chicago, IL 60654
        312-253-8800
        sharton@rblaw.net


/s/ James J. Temple

James J. Temple
MULHERIN, REHFELDT &
VARCHETTO, P.C.
4200 Commerce Court, Suite 200
Lisle, IL 60532
(630) 653-9300
Fax: (630) 653-9316
Attorney No. 06284118

*Timothy Vogen v. Officer Watson McKee, et al.*
*Joint 26(f) Report*