## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY VOGEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-01446-MMM-RLH |
| ) | |
| OFFICER WATSON MCKEE, THE ) | |
| VILLAGE OF DWIGHT, ILLINOIS, A ) | |
| MUNICIPAL CORPORATION, ) | |
| ) | |
| Defendants. ) | |

### **DEFENDANTS' FIRST MOTION FOR EXTENSION OF TIME**

NOW COME the Defendants, WATSON MCKEE (hereinafter referred to as "MCKEE") and THE VILLAGE OF DWIGHT (hereinafter referred to as "DWIGHT") by and through their attorneys, MULHERIN, REHFELDT & VARCHETTO, P.C., and respectfully request an extension of time to complete medical, expert discovery, and for the filing of dispositive motions. In support thereof, the Defendants state as follows:

1. The parties have been working diligently on discovery. However, the Defendants require a short, 35-day, extension of time to complete remaining discovery activities, including allowing Defendants' experts to finish their reports and opinions upon receipt of outstanding discovery material prior to the closure of discovery and the filing of dispositive motions.

2. This Honorable Court previously ordered that all discovery is to close on December 2, 2025, and that dispositive motions be filed by December 5, 2025.

3. However, discovery efforts are ongoing and continuing. The parties have completed Rule 26(a)(1) disclosures, extensive written discovery, the Plaintiff's deposition, the police officers' depositions, and several independent witness

depositions. However, due to an uncooperative witness, the parties were not able to complete the final deposition of an eye-witness to the alleged incident until October 6, 2025, thereby preventing the Defendants' expert from completing his analysis and opinions. Additionally, following the deposition of Mr. Worby on October 6, 2025, additional subpoenas for records, videos, and photographs in the possession of Mr. Worby was issued. However, Mr. Worby has not responded to such subpoena. A second independent witness produced additional videos of the incident at the end of October, 2025.

4. Both the Plaintiff and the Defendants have issued subpoenas for the medical and mental health records of the Plaintiff. However, due to issues outside of the control of the parties, there remain outstanding medical records and radiographic imaging outstanding. The retention of the outstanding treatment, therapy, and radiographic imaging is necessary to defend the claims of the Plaintiff. In this regard, subpoenas for Plaintiff's medical records were issued to seven of the Plaintiff's medical providers four of the medical providers have responded to the subpoenas in late October and November, 2025. Additionally, three of the Plaintiff's medical providers Loyola University Medical Center, Morris Hospital & Health Center, and Orthomidwest have not yet responded to the subpoenas with records and/or radiographic images. While Defendants work to obtain the responsive records from the above entities, the Plaintiff issued a subpoena on November 24, 2025 for the Plaintiff's medical records from Silver Cross Hospital. The Defendants have no way of obtaining such information and records nor having their experts review such material prior to

the December 2, 2025 discovery closure date. The complete medical records of the Plaintiff are necessary as Plaintiff is claiming injuries to his chest, fractured ribs, a collapsed lung, a concussion, and ongoing shoulder, chest, and lung complaints.

5. The parties have been actively engaged with the independent witnesses and medical institutions concerning the outstanding subpoenas in an effort to obtain their compliance with such subpoenas without Court intervention. Defendants believe that the outstanding compliance with their subpoenas will occur in December, 2025.

6. The retention of the records and films from Loyola Medical Center, Morris Hospital & Health Center, and Orthomidwest are necessary for the Defendants' experts to complete their reports and opinions.

7. The Defendants request that the Court extend the Rule 26(a)(2) expert report due date to January 9, 2026, extend the discovery closure date to January 16, 2026, and reset the dispositive motion date to January 23, 2026.

8. The Defendants do not seek an extension of the final pretrial conference date of March 27, 2026 pre-trial date or the trial date of April 20, 2026.

9. The above reference discovery is necessary in order for the parties to continue settlement discussions and to conduct a meaningful mediation.

10. The parties have been working together to resolve their discovery disputes and continue to work together to resolve discovery disputes with unrepresented third-party deponents.

11. This motion is not brought for any undue purpose but rather to prevent undue prejudice to the Defendants as a result of the lack of timely responsiveness of entities outside the control of any party.

Wherefore the Defendants, WATSON MCKEE and THE VILLAGE OF DWIGHT, respectfully request that this Honorable Court enter an order extending the Rule 26(a)(2) expert disclosure date to January 9, 2026, the discovery closure date to January 16, 2026, and the dispositive motion date to January 23, 2026, or for any other relief this Honorable Court deems just.

Respectfully submitted,

/s/ James J. Temple
James J. Temple
MULHERIN, REHFELDT & VARCHETTO, P.C.
4200 Commerce Court, Suite 200
Lisle, IL  60532
(630) 653-9300
Fax:  (630) 653-9316
Attorney No. 06284118

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 1, 2025, I electronically filed the foregoing Motion for Extension to Time with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

    Sam Harton
    ROMANUCCI & BLANDIN
    321 N Clark St.
    Chicago, IL 60654

                                                /s/ James J. Temple
                                                James J. Temple