## IN THE U.S. DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIMOTHY VOGEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:23-cv-01446-MMM-RLH |
| v. | ) | |
| | ) | |
| VILLAGE OF DWIGHT,  et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO CONTINUE TRIAL AND SET MEDIATION DEADLINES

Now comes Plaintiff filing this Motion to Continue Trial and Set Mediation Deadlines after duly conferring with Defendants. This case is set for trial on April 20, 2026. The parties have conferred and agree that there is good cause to continue the trial in this case to July 13, or another day that is convenient for the Court and parties. The parties were set to mediate this case on February 17, 2026, but Defendants canceled this mediation. The parties still intend to mediate this case, but, with the current schedule, cannot do so before they begin expending significant resources on trial preparation.

Additionally, Defendants' Motion for Summary Judgment is fully briefed as of February 18. The Motion attacks each of Plaintiff's claims, and the Court's ruling on this motion will affect motions *in limine,* jury instructions, and the final pretrial order. The current schedule affords the Court two months to rule on a Summary Judgment Motion that attacks each of Plaintiff's claims. This continuance would allow the Court more time to consider the Motion and ensure that any pre-trial motions or argument are consistent with the claims which a jury will consider.

1

Finally, another case in which plaintiff's counsel is lead attorney is set to proceed on April 20, 2026, and that case is evidently very unlikely to resolve prior to trial. That case was filed before the instant matter, in August 2023, and will likely be at least a three-week trial, whereas the instant matter should only require seven to ten days.

Plaintiff respectfully requests that the Court enter the following deadlines:

1. The parties shall schedule a mediation by March 20, 2026. Plaintiff conferred with Defendants, who do not oppose this request.

2. Defendants shall provide a written response to Plaintiff's November 2023 demand by March 20, 2026. Defendants object to this requested relief.[1]

3. The trial in this matter shall be continued to July 13, 2026, or another date on which the Court and parties are available. Defendants do not oppose this request.

/s/ Sam Harton
Plaintiff's Attorney

---

[1] This is the only relief requested in this motion which Defendants oppose. Plaintiff insists that imposing a deadline on Defendants to provide a response to his demand is essential to ensure that the mediation is productive. The parties had initially agreed to mediate this case on February 17, 2026. The parties agreed to that date on January 9, and despite having over a month to prepare for the mediation, Plaintiff received communication from the mediator a week prior advising that the mediation would have to be canceled because Defendants' insurance adjuster was not ready to move forward with the mediation. Defendants have had Plaintiff's demand since November 21, 2023, before this case was even filed, and have had Plaintiff's expert disclosures since October 6, 2025. Yet, multiple depositions and a summary judgment briefing later, Plaintiff still does not have a response to his demand.

While Plaintiff appreciates Defendants general interest in mediation, Plaintiff only wishes to engage in settlement discussions to the extent that they are done in good faith and with the full authority and attention of the necessary parties. Plaintiff remains concerned that if a mediation is scheduled without a prior response to the demand, the mediation will be canceled again or, worse, the parties will waste time at a mediation where the parties with authority are not adequately prepared to discuss or resolve the case. Plaintiff does not wish to waste any more time of his own time, nor that of his counsel or the mediator, and there is no undue burden to providing a formal response two weeks before a mediation. Plaintiff believes that a Court-imposed deadline to respond to the demand is necessary to facilitate good faith negotiation in this case and ensure that all parties prepare for any mediation date to which they agree.

Sam Harton
Colton Johnson-Taylor
321 N. Clark St. Chicago, IL 60654
Tel: (312) 458-1000
Email: sharton@rblaw.net